## Commonwealth v. Fuenstueck.

*Criminal law—Murder—Indictment based on testimony of wife—Quashing indictment.*

An indictment for murder will be quashed where it appears that the wife of the defendant appeared before the grand jury, which considered the murder indictment and an assault and battery indictment at the same time, and gave testimony relating to the alleged murder, in a general way testified against her husband, and that, after hearing such testimony, the grand jury returned an indictment for murder against defendant.

Motion to quash indictment. O. and T. Lehigh Co., April Sess., 1927, No. 1.

*Orrin E. Boyle,* District Attorney, for Commonwealth.

*Dallas Dillinger, Jr.,* and *Erwin F. Lessel,* for defendant.

RENO, P. J., April 11, 1927.—There are two indictments against the defendant. One charges the murder of Evelyn Hummel; the other charges assault and battery upon defendant's wife. Upon both indictments the defendant's wife is endorsed as a witness. Both indictments were presented to the grand jury at the same time.

It appears from the commendably frank statement of the district attorney, who was present at the session of the grand jury, that the grand jury considered first the indictment charging murder, and upon that charge heard three or four witnesses, not including defendant's wife. Before finally voting upon the homicide indictment, the grand jury next considered the assault and battery indictment and heard the testimony of the wife. During the course of the testimony upon the charge of assault and battery, defendant's wife testified to a number of incidents which occurred on March 7, 1927, before and after the time of the alleged murder. This testimony, which need not be here transcribed, related directly to the alleged murder and, in a general way, may be said to have been testimony against her husband.

After hearing the wife's testimony upon the assault and battery case, which, as has been said, included testimony relating to the murder charge, the grand jury proceeded to vote upon both indictments and found and returned true bills on both indictments. In other words, the grand jury had before it the wife's testimony relating to the murder charge before it deliberated and voted upon the homicide indictment.

This constituted a substantial invasion of defendant's rights, in that defendant's wife, an admittedly incompetent witness, was permitted to testify against her husband. This can be corrected only by quashing the indictment, and an order to that effect will be entered. Judge Iobst authorizes me to state that he concurs fully in these conclusions and the resultant order.

And now, April 11, 1927, the motion to quash is sustained and the indictment is quashed.

From Edwin L. Kohler, Allentown, Pa.